GLENN L. BRIGGS (SBN 174497)
Email:  gbriggs@kadingbriggs.com
THERESA A. KADING (SBN 211469)
Email:  tkading@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone:  (949) 450-8040
Facsimile:   (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY SANTINI, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, a National Association with its principal place of business in the State of California,<br><br>Defendants. | Case No.: 16-cv-01992-YGR<br><br>**CLASS ACTION**<br><br>**NOTICE OF FILING OF "OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES" IN *WELLS FARGO WAGE AND HOUR CASES*, JCCP 4821 CURRENTLY PENDING IN THE ALAMEDA SUPERIOR COURT, PURSUANT TO CALIFORNIA RULES OF COURT 3.300** |

1    PLEASE TAKE NOTICE THAT an Opposition to Plaintiffs' Notice of

2  Related Cases has been filed by Defendant Wells Fargo Bank, N.A. in the *Wells*

3  *Fargo Wage and Hour Cases,* Superior Court for the State of California, County of

4  Alameda, Case No. JCCP 4821, pursuant to California Rules of Court ("CRC"),

5  Rule 3.300.  Pursuant to California Rule of Court 3.300(g), a true and correct copy

6  of the opposition is attached hereto as Exhibit A.

7

8  DATED:  July 1, 2016                          KADING BRIGGS LLP

9

10                                               By /s/ Theresa A. Kading

11                                               Attorneys for Defendant
                                                 Wells Fargo Bank, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING OF "OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES IN *WELLS FARGO WAGE AND HOUR CASES*, CASE
NO. JCCP 4821, CURRENTLY PENDING IN ALAMEDA COUNTY SUPERIOR COURT

EXHIBIT "A"

# EXHIBIT "A"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  Coordinated Proceeding                JCCP NO. 004821
    Special Title (Rule 3.550)
12                                        [Assigned to the Honorable George C.
    **WELLS FARGO WAGE AND**              Hernandez, Jr.  (Dept. 17) for all purposes]
13  **HOUR CASES**

14  Included Actions:                     **OPPOSITION TO PLAINTIFFS'**
                                          **NOTICE OF RELATED CASES**
15  *Ramirez et al. v. Wells Fargo Bank,* **[California Rule of Court 3.300]**
16  Alameda County Case No. RG10496146

17  *Richard v. Wells Fargo Bank,* Alameda
18  County Case No. RG13690969

19  *Hanesoghlyan et al. v. Wells Fargo
    Bank,* Los Angeles County Case No.
20  BC470634

21

22

23

24

25

26

27

28

353665

OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES

1        Plaintiffs filed a Notice of Related Cases on June 23, 2016, and served it by mail

2 on that date. While the instant case and the cases identified by Plaintiffs in the Notice of

3 Related Cases involve the same defendant and allege wage and hour claims, that is where

4 the similarities end. Pursuant to California Rule of Court 3.300(g), Defendant Wells

5 Fargo Bank, N.A. (hereinafter, "Wells Fargo") opposes Plaintiffs' Notice of Related

6 Cases as follows:

7 **I.**   **INTRODUCTION**

8        In relevant part, California Rule of Court 3.300 provides that a case is "related" to

9 another case if the cases:

10        "(1) Involve the same parties and are based on the same or similar claims;

11        (2) Arise from the same or substantially identical transactions, incidents, or events

12 requiring the determination of the same or substantially identical questions of law or fact;

13 … or

14        (4) Are likely for other reasons to require substantial duplication of judicial

15 resources if heard by different judges."

16        The cases identified by Plaintiffs do not meet the criteria for being "related cases"

17 to the instant case under California Rule of Court 3.300 for several reasons.

18        First, Plaintiffs have conceded that the cases are not related. Plaintiffs knew about

19 two of the four cases identified – *Santini* and *Layog* – back in April 2016 when *the same*

20 *counsel* representing the *Ramirez* plaintiffs in the instant case filed those cases in the

21 Northern District of California. Plaintiffs did not file a Notice of Related Case at that time

22 in the instant case identifying *Santini* or *Layog* as related cases, nor did Plaintiffs' counsel

23 at that time file a Notice of Related Case in the *Layog* case, identifying *Santini* as related

24 to *Layog*, or vice versa. The only explanation is that they did not believe those cases to be

25 related because the putative class members in those cases held other positions at Wells

26 Fargo: Tellers in the case of *Layog* and Phone Bankers (referred to by Plaintiffs in the

27 Notice of Related Case as "Call Center employees") in the case of *Santini*. For the same

28 reason, and as will be discussed further herein, the other two cases identified by Plaintiffs

353665

1   in their Notice of Related Cases are also not related to the instant case.

2       Second, the cases do not "involve the same parties." There is not a certified class

3   in any of these cases. In *Wells Fargo Bank Wage and Hour Cases*, JCCP 4702, class

4   certification was denied in January 2014[1] and, in the remaining cases, there has been no

5   ruling on any motion for class certification. Accordingly, Plaintiffs represent *only* the

6   named plaintiffs, none of whom are plaintiffs in more than one case. In addition, as

7   Plaintiffs admit in the Notice of Related Cases, the class definitions are not overlapping

8   with the instant case. Each case alleges a putative class that contains individuals holding

9   different job positions with different duties and expectations.

10       Third, because the class definitions are not overlapping, the cases do not "arise

11   from the same or substantially identical transactions, incidents, or events requiring the

12   determination of the same or substantially identical questions of law or fact."

13       Fourth, Plaintiffs have provided no argument or authority that the cases "are likely

14   for other reasons to require substantial duplication of judicial resources if heard by

15   different judges." In fact, they tacitly concede that this is not the case because they do not

16   seek to have the cases transferred to the same judge. Perhaps that is because there is no

17   legal basis to do so. Given that *Carroll*, *Layog*, and *Santini* are pending in federal court,

18   there is no legal mechanism to move these cases to Alameda County Superior Court. The

19   fourth case identified by Plaintiffs -- *Wells Fargo Bank Wage and Hour Cases*, JCCP

20   4702 -- is pending in Los Angeles County Superior Court and cannot be transferred to

21   Alameda County Superior Court in the absence of a coordination motion. There would be

22   no basis for making such a motion given that class certification has already been denied in

23   that case and there is no remaining "putative class."

24       For all of these reasons, the cases identified by Plaintiffs in the Notice of Related

25   Cases are not related to the instant case under California Rule of Court 3.300.

26   _____

27   [1] The Court in JCCP 4702 certified a rest period subclass but the parties later stipulated to decertify the class and the rest period class allegations were dismissed.

28

## II.   THE CASES IDENTIFIED BY PLAINTIFFS ARE NOT "RELATED" TO THIS CASE UNDER CALIFORNIA RULE OF COURT 3.300

### A. Plaintiffs Concede that These Cases Are Not Related.

As an initial matter, Plaintiffs have conceded that these cases are not related.  First, under California Rule of Court 3.300(c)(3), a Notice of Related Case must "[d]escribe the manner in which the cases are related."  The *only* such description offered by Plaintiffs is that the "cases involve the same defendant (Wells Fargo Bank), and are based on the same or similar claims of wage and hour violations under California and/or the FLSA."  If that were enough, every wage and hour class action against Wells Fargo would be related to every other one.  And that is simply not the law.[2]

Second, on April 15, 2016, the Markham Law Firm, who is also plaintiffs' counsel in the *Ramirez* case, one of the three cases that have been coordinated in the instant case, filed the *Layog* case and the *Santini* case, two of the cases Plaintiffs are now claiming are related to this case, in the Northern District of California.  The plaintiffs in those cases, represented by Markham Law Firm, filed Civil Cover Sheets with those complaints indicating the absence of any related cases.  *See Santini* Docket No. 1-1; *Layog* Docket No. 1-1.  Plaintiffs did not identify this case, nor did they identify the *Layog* case in the *Santini* filing, or vice versa.  Neither did Plaintiffs file within 15 days, as is required by California Rule of Court 3.300(e), a Notice of Related Case in this case identifying *Layog* or *Santini* as related cases.  No one knew sooner than the Markham Law Firm of the three lawsuits (since they filed them) and no one knows the allegations better (as they framed the complaints), yet they did not make any such filing at that time.  In other words, Plaintiffs have conceded that *Layog* and *Santini* are not related to each other or to the instant case.  While one can only speculate as to Plaintiffs' counsel's motive for making

---

[2] For example, Plaintiffs have not listed *Perez, et al. v. Wells Fargo & Company, et al.*, Case No. C 14-0989 PJH (filed before *Carroll*, *Layog*, and *Santini*), another wage and hour class action brought against Wells Fargo by a putative class of non-exempt employees, of which they are aware, as a related case.

1   this filing now, it is not because they believe these cases are related.

2        **B.  These Cases Do Not Involve the Same Parties.**

3        As an initial matter, given that no class has been certified in any of these cases (and

4   class certification has been denied in one of the cases), the only parties are the individual

5   named plaintiffs themselves and there is no overlap of named plaintiffs.  Thus, the only

6   party consistent among the cases is Wells Fargo.  Plaintiffs could not possibly argue that

7   the fact that Wells Fargo is a defendant is sufficient to make such cases related.

8        Furthermore, Plaintiffs admit that even the class definitions are not overlapping, as

9   they all contain individuals holding different job positions with different duties and

10  expectations.  The instant case asserts wage and hour claims on behalf of a putative class

11  who hold (or have held) the positions of Customer Sales and Service Representative,

12  Personal Banker, Premier Banker, and Business Banking Specialist.  These are referred to

13  as the "platform" employees.  These Team Members meet with customers and prospective

14  customers to discuss various banking products and opportunities, for example, a checking

15  account or a credit card, either in the retail store location or at an appointment outside the

16  retail store location.  When they are in the retail store location, they sit at desks that are in

17  the store (rather than at Teller "windows").

18       The first case alleged by Plaintiffs to be related to this case – *Wells Fargo Bank*

19  *Wage and Hour Cases*, JCCP 4702 – *sought* to represent a putative class of individuals

20  who held the Teller or Lead Teller position at Wells Fargo.[3]  These Team Members are

21  the individuals who help customers with banking transactions at the Teller "windows"

22  such as a deposit or withdrawal transaction.

23       The second case identified by Plaintiffs – *Carroll* – has a class definition in the

24  operative Complaint that includes "all non-exempt employees of Wells Fargo in

25  California" but, as Plaintiffs admit, the named plaintiff only held the non-exempt position

26

27  [3] As indicated above, class certification was denied in January 2014, so there is no
    putative class in that case.

28

353665                                   -4-

1    of Service Manager 1 during the time period covered by that case.  Service Manager 1's

2    act as a supervisor for Team Members in the Teller or Lead Teller role and, significantly,

3    are often the individuals creating the work schedule, including the meal and break

4    schedule.[4]

5         As with *Wells Fargo Bank Wage and Hour Cases*, JCCP 4702, the third case

6    identified by Plaintiffs – *Layog* – seeks to represent a putative class of Tellers.[5]

7         The fourth case identified by Plaintiffs – *Santini* – seeks to represent a putative

8    class of Phone Bankers.  Phone Bankers are not located in a retail store location but rather

9    answer customer calls that come in to a call center, and, among myriad other differences,

10   report to different supervisors, and use a different scheduling program.

11        Again, Plaintiffs have *conceded* that these cases do not involve the same parties by

12   not identifying *Layog* or *Santini* as related cases in the instant case at the time those cases

13   were filed and by not identifying *Layog* as related to *Santini* or vice versa.

14        **C.  These Cases Do Not Arise from the Same Transaction, Incident, or Event.**

15        For the same reasons, these cases do not arise from the same transaction, incident,

16   or event.  It is Wells Fargo's contention that there are no common issues of law or fact in

17   any of these cases because Wells Fargo has lawful policies and each Team Member's

18   situation will differ based on, for example, where they work, who they report to, their own

19   personal experiences and perception, etc.  These differences are even more pronounced

20   when the individuals hold entirely different positions with different duties and

21   expectations, as described above.  For example, the experiences of a Teller, who works at

22   a Teller "window" during most of his or her day, are going to be different than the

23

24   [4] Plaintiff Carroll also names Wells Fargo & Company as a defendant in that case.  Wells
     Fargo & Company is not a party to the instant case.

25   [5] The *Layog* Complaint also includes an FLSA claim which purports to seek certification
     of a nationwide collective action.  The instant case does not have an FLSA claim.  In
26   addition, Plaintiff Layog has named "Wells Fargo, an unknown business entity" as a
     defendant as well as 100 "Doe" defendants.  The "Wells Fargo" entity likely refers to
27   Wells Fargo Bank, N.A. as it is the entity that employed Layog.

28

353665                                    -5-

OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES

1   experiences of a Personal Banker, who meets with customers or prospective customers

2   throughout the day both in and out of the retail store location.

3         **D.**   **These Cases Are Not Likely for other Reasons to Require Substantial**

4              **Duplication of Judicial Resources If Heard by Different Judges.**

5         As an initial matter, Plaintiffs have not asked for these cases to be transferred to

6   this Court.  As above, perhaps that is because none of these other cases are pending in

7   Alameda County Superior Court and, accordingly, there is no legal mechanism under

8   California Rule of Court 3.300 to do so.  In addition, the cases are not likely to require

9   substantial duplication of judicial resources if heard by different judges.  Given that the

10   cases involve different populations, the legal issues are no more overlapping than they are

11   in any two cases alleging wage and hour claims.  Plaintiffs' reasoning would require all

12   cases alleging wage and hour claims against Wells Fargo to be heard by the same judge

13   and that is clearly not the law.

14         Furthermore, the cases are at very different procedural postures.  The instant case

15   has been pending for more than six years while, at the other end of the spectrum, *Layog*

16   and *Santini* were filed less than three months ago and there has not even been a

17   Scheduling Conference in either case.  In *Wells Fargo Bank Wage and Hour Cases*, JCCP

18   4702, class certification has already been heard and denied.

19         In sum, Plaintiffs provide no argument that these cases would require duplication

20   of judicial resources if heard by different judges and there is no such argument to be

21   made.

22

23

24

25

26

27

28

353665                  -6-

1

III.   **CONCLUSION**

2

For the foregoing reasons, the cases should not be deemed related.

3

4

DATED:  June ᴊꝋ , 2016                             KADING BRIGGS LLP

5

6                                                                    By _Theresa Kaey_____

                                                                         Theresa A. Kading

7

                                                                    Attorneys for Defendant

8                                                                    WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

353665                                              -7-

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA                )
                                       ) ss:
3   COUNTY OF ORANGE                   )

4        I am employed in the County of Orange, State of California.  I am over the age of 18, and
    not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum
5   Center Drive, Suite 800, Irvine, CA 92618; and that on this date true and correct copies of the
    following documents:

6
         **NOTICE OF FILING OF "OPPOSITION TO PLAINTIFFS' NOTICE OF
7        RELATED CASES" IN *WELLS FARGO WAGE AND HOUR CASES*, JCCP
         4821 CURRENTLY PENDING IN THE ALAMEDA SUPERIOR COURT,
8        PURSUANT TO CALIFORNIA RULES OF COURT 3.300**

9   was served on the following interested parties by enclosing the same in a sealed envelope with
    first-class postage fully prepaid and deposited the sealed envelope with the United States Postal
10  Services, as follows:

11  **COUNSEL FOR PLAINTIFF:**

12  Steven M. Tindall, Esq.                    David R. Markham, Esq.
    Rosha Jones, Esq.                          Peggy Reali, Esq.
13  Melinda Pilling, Esq.                      The Markham Law Firm
    Rukin Hyland Doria & Tindall LLP           750 B Street, Suite 1950
14  100 Pine Street, Suite 2150                San Diego, CA 92101
    San Francisco, CA 94111                    T: (619) 399-3995
15  T:  (415) 421-1800                         F: (619) 615-2067
    F:  (415) 421-1700
16                                             Attorneys for:
17  Attorneys for *Richard* Plaintiff in       *Ramirez* Plaintiff in JCCP 4821 (Alameda
    JCCP 4821 (Alameda Superior Court)         Superior Court);
18                                             *Layog* Plaintiff in (Northern District of
                                               California);
19                                             *Santini* Plaintiff in (Northern District of
                                               California)
20  H. Tim Hoffman                             Walter Haines
21  HOFFMAN & LAZEAR                           UNITED EMPLOYEES LAW GROUP
    180 Grand Avenue, Suite 1550               5500 Bolsa Avenue, Suite 201
22  Oakland, CA 94612                          Huntington Beach, CA 92649

23  Attorneys for *Ramirez* Plaintiff in JCCP  Attorneys for:
    4821 (Alameda Superior Court)              *Ramirez* Plaintiff in JCCP 4821 (Alameda
24                                             Superior Court); and
                                               *Santini v. Wells Fargo* Plaintiffs (Northern
25                                             District of California)

26

27

28

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brian F. Van Vleck
VAN VLECK TURNER & ZALLER LLP
6310 San Vicente Boulevard, Suite 430
Los Angeles, CA 90048

Attorneys for *Hanesoghylan* Plaintiff in
JCCP 4821 (Alameda Superior Court)

Derek J. Emge
THE EMGE LAW FIRM, LLP
501 W. Broadway, Suite 1760
San Diego, CA 92101

*Attorneys for Plaintiffs* in
JCCP 4702 (Los Angeles Superior Court)

Gillian L. Wade
Mayo L. Makarczyk
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

Attorneys for Plaintiffs in
JCCP 4702 (Los Angeles Superior Court)

John Manuel Padilla
Padilla & Rodriguez, L.L.P.
1776 Yorktown, Suite 100
Houston, TX 77056

Attorneys for Plaintiffs in *Carroll v. Wells
Fargo* (Northern District Court of California)

**COUNSEL FOR WELLS FARGO:**

Richard Lee Alfred
Jessica S. Lieberman
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

(Attorneys for Defendant Wells Fargo in
*Layog v. Wells Fargo, Carroll v. Wells
Fargo*)

Richard E. Quintilone III
Alvin B. Lindsay
QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100
Lake Forest, CA 92630-4961

Attorneys for *Layog v. Wells Fargo* Plaintiff
(Northern District of California)

David A. Huch
Law Office of David A. Huch
3281 E Guasti Road, Suite 700
Ontario, CA 91761

*Attorneys for Plaintiffs* in
(Los Angeles Superior Court)

Rhonda Kaye Hunter Wills
Genevieve Estrada
Wills Law Firm, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056

Attorneys for Plaintiffs in *Carroll v. Wells
Fargo* (Northern District Court of California)

Jose Moises Cedillos
5433 Westheimer Road, Suite 825
Houston, TX 77056

Attorneys for Plaintiffs in *Carroll v. Wells
Fargo* (Northern District Court of California)

Timothy Mitchell Watson
Rachel Megan Hoffer
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002-2812

(Attorneys for Defendant Wells Fargo in
*Layog v. Wells Fargo, Carroll v. Wells Fargo*)

PROOF OF SERVICE

1    Christian Joseph Rowley                Michael W. Kopp
     Seyfarth Shaw LLP                      Seyfarth Shaw LLP
2    560 Mission Street, 31st Floor         400 Capitol Mall, Suite 2350
     San Francisco, CA 94105                Sacramento, CA 95814
3
     (Attorneys for Defendant Wells Fargo in   (Attorneys for Defendant Wells Fargo in
4    *Carroll v. Wells Fargo*)                 *Layog v. Wells Fargo*)

5
     Jason M. Allen
6    Seyfarth Shaw LLP
     560 Mission Street, 31st Floor
7    San Francisco,CA 94105

8    (Attorneys for Defendant Wells Fargo in
     *Layog v. Wells Fargo*)
9

10
         I declare under penalty of perjury under the laws of the State of California that the
11   foregoing is true and correct.

12       Executed on **July 1, 2016**, at Irvine, California.

13

14                                          Valerie Beechler

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE