1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile:  (949) 450-8033

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY SANTINI, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, a National Association with its principal place of business in the State of California,<br><br>Defendants. | Case No.: 16-cv-01992-YGR<br><br>**CLASS ACTION**<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING [LOCAL RULE 3-13(c)]** |

Plaintiffs filed a Notice of Pendency of Other Action or Proceeding Pursuant to Local Rule 3-13 (hereinafter, "the Notice") on June 24, 2016. While the instant case and the cases identified by Plaintiff in the Notice involve the same defendant and allege wage and hour claims, that is where the similarities end. Pursuant to Local Rule 3-13(c), Defendant Wells Fargo Bank, N.A. (hereinafter, "Wells Fargo") opposes Plaintiff's Notice as follows:

## I. INTRODUCTION

Local Rule 3-13 provides that a Notice of Pendency of Other Action or Proceeding must be promptly filed when an action in this Court: (1) involves all or a material part of the same subject matter; ***and*** (2) all or substantially all of the same parties as another action pending in any other federal or state court. In Plaintiff's Notice, Plaintiff identifies two state court cases that Plaintiff states "*may* involve a material part of the same subject matter and substantially all of the same parties as this action." (emphasis added). Furthermore, Plaintiff seeks "that this Court entertain periodic updates" on those cases "or otherwise, as the Court orders." This relief is not authorized by the Rule and Plaintiff does not seek any other relief, including that proceedings in the instant case be coordinated with proceedings in the other identified cases. *See* Local Rule 3-13(b)(3)(C) ("A Notice of Pendency of Other Action or Proceeding must contain… A brief statement of: … If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources, and promote an efficient determination of the action.").

For reasons outlined herein, the cases identified by Plaintiff in the Notice do not involve "all or a material part of the same subject matter" or "all or substantially all of the same parties" as the instant action and, therefore, no relief is justified under Local Rule 3-13. Accordingly, there is no reason to coordinate any proceedings in these cases, including requiring periodic updates.

First, Plaintiff has conceded that the cases do not meet the requirements under Local Rule 3-13. Plaintiff knew about one of the two cases identified in the Notice –

1

*Wells Fargo Wage and Hour Cases*, JCCP 4821 – back in April 2016 when this case was filed because the same counsel represents Plaintiff Santini in the instant case and three of the named plaintiffs in JCCP 4821. Yet, Plaintiff did not file a Notice of Pendency of Other Action at that time in the instant case identifying JCCP 4821 (Local Rule 3-13 requires the notice to be filed "promptly"), nor did Plaintiff's counsel at that time file a Notice of Related Case in JCCP 4821, identifying the instant case as related to that case. The only explanation is that they did not believe the cases to meet the requirements of Local Rule 3-13 because they involve individuals holding different positions at Wells Fargo. As Plaintiff admits in the Notice, "the cases differ in that they seek to represent different non-exempt job positions." For the same reason, and as will be discussed further herein, the other case identified by Plaintiff in the Notice also does not meet the Rule 3-13 requirements.

Second, the cases do not "involve[] all or substantially all of the same parties." There is not a certified class in any of these cases. In *Wells Fargo Bank Wage and Hour Cases*, JCCP 4702, class certification was denied in January 2014[1] and, in JCCP 4821 and the instant case, there has been no ruling on any motion for class certification. Accordingly, the only plaintiffs are the named plaintiffs, none of whom are plaintiffs in more than one case. In addition, as Plaintiff admits in the Notice, the class definitions are not overlapping with the instant case. Each case alleges a putative class that contains individuals holding different job positions with different duties and expectations.

Third, because the class definitions are not overlapping, the cases do not "involve[] all or a material part of the same subject matter."

Finally, the only relief requested by Plaintiff is that the Court "entertain periodic updates" on the other proceedings. It is not clear from the Notice what that means or why it would be necessary "to avoid conflicts, conserve resources and promote an efficient determination of the action." Local Rule 3-13(b)(3)(C).

---

[1] The Court in JCCP 4702 certified a rest period subclass but the parties later stipulated to decertify the class and the rest period class allegations were dismissed.

For all of these reasons, these cases do not meet the requirements set forth by Local Rule 3-13.

## II. THE CASES IDENTIFIED BY PLAINTIFF DO NOT MEET THE REQUIREMENTS OF LOCAL RULE 3-13

### A. Plaintiff Concedes that These Cases Do Not Meet the Requirements Of Local Rule 3-13.

As an initial matter, Plaintiff has conceded that these cases do not meet the requirements of Local Rule 3-13. Under Local Rule 3-13, "[w]henever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must *promptly* file with the Court in the action pending before this Court … a Notice of Pendency of Other Action or Proceeding." (emphasis added).

On April 15, 2016, the Markham Law Firm filed the instant case on behalf of plaintiff Santini. Markham Law Firm is also counsel for one of the groups of plaintiffs in JCCP 4821, one of the cases identified by Plaintiff in the Notice. At that time, the Markham Law Firm did *not* file a Notice of Pendency of Other Action or Proceeding under Local Rule 3-13 identifying JCCP 4821. In fact, Plaintiff filed a Civil Cover Sheet indicating the absence of any related cases. *See Santini* Docket No. 1-1. In addition, the *Ramirez* plaintiffs (in JCCP 4821) did not file within 15 days, as is required by California Rule of Court 3.300(e), a Notice of Related Case in JCCP 4821 identifying *Santini* as a related case. No one knew sooner than the Markham Law Firm of the two lawsuits (since they filed them) and no one knows the allegations better (as they framed the complaints), yet they did not make any such filing at that time in either case.

Furthermore, the other case identified by Plaintiff in the Notice is JCCP 4702. At one time, JCCP 4702 was a putative class action brought on behalf of non-exempt Tellers

WELLS FARGO BANK, N.A.'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION

in California.[2] This is significant because the Markham Law Firm also filed a second action against Wells Fargo on April 15, 2016, the same day they filed the instant case – the *Layog* action. The *Layog* case is a putative class action alleging wage and hour claims on behalf of a putative class of non-exempt Tellers in California. At the time the Markham Law Firm filed *Layog* (on behalf of Tellers) and *Santini* (on behalf of Phone Bankers), Plaintiff did not identify *Layog* (Tellers) as being related to *Santini* (Phone Bankers), or vice versa. *See Santini* Docket No. 1-1; *Layog* Docket No. 1-1. Knowing all of the allegations (because they framed them) and knowing all of the parties, Plaintiff did not believe *Layog* (on behalf of Tellers) to be related to *Santini* (on behalf of Phone Bankers). Accordingly, if *Layog*, a Teller class action, is not related to *Santini*, then JCCP 4702, a Teller representative action, necessarily does not meet the requirements of Local Rule 3-13.

In other words, Plaintiff has conceded that the two cases identified in the Notice do not meet the requirements of Local Rule 3-13. While one can only speculate as to Plaintiff's counsel's motive for making this filing now, it is not because these cases meet those requirements.

### B. These Cases Do Not Involve All or Substantially All of the Same Parties.

As an initial matter, given that no class has been certified in any of these cases (and class certification has been denied in one of the cases), the only parties are the individual named plaintiffs themselves and there is no overlap of named plaintiffs. Thus, the only party consistent among the cases is Wells Fargo.

Furthermore, Plaintiff admits that even the class definitions are not overlapping, as they all contain individuals holding different job positions with different duties and expectations: to quote Plaintiff from the Notice, "the cases differ in that they seek to represent different non-exempt positions."

---

[2] As indicated in the Notice, because class certification has been denied, the only remaining claim in JCCP 4702 is a PAGA representative action purportedly brought on behalf of non-exempt Tellers in California.

4
WELLS FARGO BANK, N.A.'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION

The instant case seeks to represent a putative class of Phone Bankers. Phone Bankers are not located in a retail store location (what many people think of as a "bank branch") but rather answer customer calls that come in to a call center, and, among myriad other differences, report to different supervisors, and use a different scheduling program than employees in the retail store locations. Phone Bankers never interact face-to-face with a customer or prospective customer.

The first case identified by Plaintiff in the Notice – JCCP 4821 -- asserts wage and hour claims on behalf of a putative class who hold (or have held) the positions of Customer Sales and Service Representative, Personal Banker, Premier Banker, and Business Banking Specialist. These are referred to as the "platform" employees. These Team Members, unlike Phone Bankers, do work out of a retail store location and meet with customers and prospective customers to discuss various banking products and opportunities, for example, a checking account or a credit card. They may meet with these customers or prospective customers in the retail store location or at an appointment outside the retail store location. When they are in the retail store location, they sit at desks that are in the store (rather than at Teller "windows").

The second case identified by Plaintiff in the Notice – JCCP 4702 – *sought* to represent a putative class of individuals who held the Teller or Lead Teller position at Wells Fargo.[3] These Team Members are the individuals who help customers with banking transactions at the Teller "windows" such as a deposit or withdrawal transaction.

Again, Plaintiff has *conceded* that these cases do not involve the same parties by not filing a Notice of Pendency of Other Action or Proceeding at the outset of this case identifying JCCP 4821 and by not identifying *Layog*, which is virtually identical to the original JCCP 4702, as related to *Santini* or vice versa.

---

[3] As indicated above, class certification was denied in January 2014, so there is no putative class in that case.

WELLS FARGO BANK, N.A.'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION

## C. These Cases Do Not Involve All or a Material Part of the Same Subject Matter.

For the same reasons, these cases do not involve all or a material part of the same subject matter. It is Wells Fargo's contention that there are no common issues of law or fact in any of these cases because Wells Fargo has lawful policies and each Team Member's situation will differ based on, for example, where they work, who they report to, their own personal experiences and perception, etc. These differences are even more pronounced when the individuals hold entirely different positions with different duties and expectations, as described above. For example, the experiences of a Teller, who works at a Teller "window" during most of his or her day, are going to be different than the experiences of a Personal Banker, who meets with customers or prospective customers throughout the day both in and out of the retail store location. Furthermore, those experiences will be different than the experiences of a Phone Banker who never interacts face to face with a customer.

The workflow is entirely different. The Phone Bankers sit in a "call center" where calls are consistently routed to the next available Phone Banker. The calls come in on a consistent, rolling basis and Phone Bankers spend the vast majority of their time on the phone. The workflow of Tellers, on the other hand, is based on customer traffic, which could be busy at certain times of the day and not at others, and those busy times will vary based on many factors, including the location of the store, size of the store, type of customer, etc. The workflow of "platform" Team Members can be largely driven by the platform Team Member himself or herself. The Team Member could set appointments inside or outside the store location with customers or potential customers, or could decide to make telephone calls that day to potential customers, or could decide to spend the day at the store location assisting any customers who may walk in to the store location and need assistance, or any combination of these and other activities. Because of these differences, these cases do not involve the "same subject matter."

Furthermore, the only remaining claim in JCCP 4702 is a PAGA claim and there is no PAGA claim in the instant case. Therefore, there are no overlapping legal issues between the two cases.

### D. It is Not Clear What Purpose Would be Served by "Periodic Updates".

In a conclusory manner, Plaintiff states in the Notice that "[t]o best conserve resources and promote the efficient determination of the action…, Plaintiff respectfully proffers that this Court entertain periodic updates on [JCCP 4821 and JCCP 4702], or otherwise, as the Court orders." As an initial matter, this is not relief authorized by Rule 3-13. Furthermore, given that the cases involve different populations, the legal issues are no more overlapping than they are in any two cases alleging wage and hour claims. Plaintiff's reasoning would require "periodic updates" in all cases alleging wage and hour claims against Wells Fargo. If anything, that does not conserve resources but rather utilizes them for no clear purpose.

Furthermore, the cases are at very different procedural postures. The instant case was filed approximately three months ago and there has not even been a Case Management Conference. On the other hand, JCCP 4821 has been pending for more than six years with no motion for class certification, while, in JCCP 4702, class certification has already been heard and denied and the only remaining claim is a PAGA claim, a claim which is not part of the instant case.

In sum, Plaintiff provides no argument why "periodic updates" would be useful or create any efficiencies and, in fact, no argument why any coordination would serve the purposes outlined in Local Rule 3-13.

### III. CONCLUSION

For the foregoing reasons, these cases do not meet the requirements of Local Rule 3-13 and, accordingly, no relief should be granted under the Rule.

DATED: July 8, 2016

KADING BRIGGS LLP

By /s/ Theresa A. Kading

Attorneys for Defendant
Wells Fargo Bank, N.A.

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
                    ) ss: 
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618; and that on this date true and correct copies of the following documents:

**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING [LOCAL RULE 3-13(c)]**

was served on the following interested parties by enclosing the same in a sealed envelope with first-class postage fully prepaid and deposited the sealed envelope with the United States Postal Services, as follows:

**COUNSEL FOR PLAINTIFF:**

| | |
|---|---|
| Steven M. Tindall, Esq.<br>Rosha Jones, Esq.<br>Melinda Pilling, Esq.<br>Rukin Hyland Doria & Tindall LLP<br>100 Pine Street, Suite 2150<br>San Francisco, CA 94111<br>T: (415) 421-1800<br>F: (415) 421-1700<br><br>Attorneys for *Richard* Plaintiff in JCCP 4821 (Alameda Superior Court) | David R. Markham, Esq.<br>Peggy Reali, Esq.<br>The Markham Law Firm<br>750 B Street, Suite 1950<br>San Diego, CA 92101<br>T: (619) 399-3995<br>F: (619) 615-2067<br><br>Attorneys for:<br>*Ramirez* Plaintiff in JCCP 4821 (Alameda Superior Court);<br>*Santini* Plaintiff in (Northern District of California) |
| H. Tim Hoffman<br>HOFFMAN & LAZEAR<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br><br>Attorneys for *Ramirez* Plaintiff in JCCP 4821 (Alameda Superior Court) | Walter Haines<br>UNITED EMPLOYEES LAW GROUP<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649<br><br>Attorneys for:<br>*Ramirez* Plaintiff in JCCP 4821 (Alameda Superior Court); and<br>*Santini v. Wells Fargo* Plaintiffs (Northern District of California) |
| Brian F. Van Vleck<br>VAN VLECK TURNER & ZALLER LLP<br>6310 San Vicente Boulevard, Suite 430<br>Los Angeles, CA 90048<br><br>Attorneys for *Hanesoghylan* Plaintiff in JCCP 4821 (Alameda Superior Court) | David A. Huch<br>Law Office of David A. Huch<br>3281 E Guasti Road, Suite 700<br>Ontario, CA 91761<br><br>*Attorneys for Plaintiffs* in (Los Angeles Superior Court) |

1
PROOF OF SERVICE

Derek J. Emge
THE EMGE LAW FIRM, LLP
501 W. Broadway, Suite 1760
San Diego, CA 92101

*Attorneys for Plaintiffs* in
JCCP 4702 (Los Angeles Superior Court)

Gillian L. Wade
Mayo L. Makarczyk
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

Attorneys for Plaintiffs in
JCCP 4702 (Los Angeles Superior Court)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 8, 2016**, at Irvine, California.

*/s/ Valerie Beechler*
Valerie Beechler