EXHIBIT A

CONFIDENTIAL SETTLEMENT AGREEMENT
AND GENERAL RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is entered into by WELLS FARGO BANK, N.A. ("the Company"), and LINDSAY SANTINI, for herself and her heirs, successors and assigns (hereinafter referred to as "Santini").

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

WHEREAS, Santini alleged that various actions of the Company during the time of her employment have been wrongful and unlawful.

WHEREAS, Santini has filed a lawsuit in the United States District Court, Northern District of California, Case Number 16-cv-01992-YGR (hereinafter the "Action"), on behalf of herself and others similarly situated.

WHEREAS, Santini represents that she has had an opportunity to discuss all aspects of her claims and this Agreement with an attorney to the extent so desired, has been fully advised as to her rights, understands that she is waiving significant legal rights by signing this Agreement and enters into this Agreement voluntarily, with a full understanding of and agreement with all of its terms, for

the purpose of receiving additional benefits from the Company beyond that provided by normal Company policy.

WHEREAS, Santini desires to settle fully and finally all claims, known or unknown, against the Company from the beginning of time to the effective date of this Agreement, except for her rights in connection with her participation in the claims process as a Class Member in the Action.

NOW, THEREFORE, in consideration of the premises and promises contained herein, it is agreed as follows:

**FIRST:** **Non-Admission of Liability.**

This Agreement shall not be construed as an admission by the Company, or any of its agents or employees, of any discriminatory, improper, wrongful, tortious or unlawful actions, or any other wrongdoing whatsoever against Santini or any other person or persons, and the Company specifically denies any wrongdoing whatsoever, against Santini or any other person or persons.

**SECOND:** **No Future Employment.**

Santini represents and agrees that she does not desire to be reinstated or reemployed by the Company or any related or affiliated entity at any time in the future and that she will not apply for employment with the Company or any

related or affiliated entity at any time in the future. In the event that Santini inadvertently applies or is hired by the Company or any related or affiliated entity, this agreement shall be sufficient grounds to deny said employment and/or to end such employment.

**THIRD:** **No other or Future Lawsuits, Charges or Complaints of any Nature Whatsoever.**

Santini represents that she does not presently have on file any complaints, charges or claims (civil, administrative, or criminal) against the Company in any court or administrative forum, or before any governmental agency or entity, except the Action referenced above.

Santini further represents that she will not hereafter file any complaints, charges or claims (civil, administrative, or criminal) against the Company with any court based on any action which occurred prior to the date she executes this Agreement, including, but not limited to, any claim related to, or in any way arising from her employment with the Company or the cessation of that employment, or any events, actions, or omissions thereafter by the Company.

Santini further agrees to waive her right to any monetary or equitable recovery in connection with any federal, state, or local administrative agency's investigation into any claims arising out of or related to her employment with

and/or separation from employment with the Company to the fullest extent permitted by law.

Notwithstanding Paragraph Seventh set forth herein, this Agreement may be introduced in any proceeding in which Santini files any other action against the Company alleging unpaid wages, penalties, compensation, or any other monies due to her as a result of her employment with the Company. Such introduction shall be pursuant to an order protecting its confidentiality.

**FOURTH:  Benefits to Santini.**

The Company agrees to and will pay to Santini the following benefits in exchange for this Release: The Company will transfer to the Administrator appointed in the Action the amount approved by the Court for Santini's service payment award, not to exceed $5,000.00, for which a Form 1099 will be issued, on the Payment Date, as defined in the Class Action Settlement Agreement and Release Between Plaintiff and Defendant, provided that the Company has received this Agreement signed by Santini and a completed W9 form before that date. Santini agrees that payment in this manner is fully satisfactory to her, and by signing this Agreement, fully releases the Company from all claims, known and unknown, except for her rights in connection with her participation in the claims process as a Class Member in the Action.

**FIFTH: Responsibility for Taxes.**

Santini agrees that she is solely responsible for all tax obligations which may arise as a consequence of this settlement, and that she will indemnify and hold the Company harmless for any taxes, interest, penalties, and/or related expenses it incurs as a result of any dispute over the nonwithholding or other tax treatment of the Company's payment.

**SIXTH: No Costs or Attorneys' Fees.**

Santini agrees that the settlement provided herein is intended to and does bar all claims for injuries, losses, damages, expenses, costs, attorneys' fees and related expenses arising out of the Action and that any and all such similar or other claims based on any action which occurred prior to the effective date of this Agreement are hereby unqualifiedly waived by Santini.

**SEVENTH: Confidentiality.**

Pursuant to the Class Action Settlement Agreement and Release Between Plaintiff and Defendant entered into by the parties in the Action, Santini will not, unless required by law, issue any press releases or have any communication to the press concerning this litigation, this Agreement, the Company, and/or the business practices of the Company.

**EIGHTH:   Complete Release.**

Santini, for herself and her heirs, successors and assigns, does hereby release, acquit and forever discharge the Company, its former and/or current officers, directors, executives, managers, employees, agents, related parent and subsidiary entities, predecessors, successors and assigns (the "Released Parties"), from any and all claims, actions, charges, complaints, causes of action, rights, demands, debts, damages or accountings of whatever nature, known or unknown, which she or her heirs may have against the Released Parties based on any actions or events which occurred prior to the effective date of this Agreement, including but not limited to, those included in the release of claims set forth in the Class Action Settlement Agreement and Release as well as those related to, or arising from, Santini's employment with the Company or the cessation of that employment, except for her rights in connection with his participation in the claims process as a Class Member in the Action.  To the extent permissible by law, this includes but is not limited to a release of all rights arising out of alleged violations of any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, any tort, any public policy or any federal, state or other governmental statute, regulation or ordinance, and any amendments thereto (such as, but not limited to, the FEHA, Title VII, the ADA, CFRA, provisions of the California Labor Code and all other laws governing the employment of

persons in the State of California) (hereinafter collectively, "Claim" or "Claims") from the beginning of time to the date of execution hereof.

**NINTH:** **Knowing and Voluntary Waiver of Known and Unknown Claims.**

IT IS FURTHER UNDERSTOOD AND AGREED that as a condition of this Agreement, all rights under Section 1542 of the Civil Code of the State of California, are expressly waived by Santini. Such Section reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

In order to achieve a full and complete release of the Company, Santini acknowledges that this Agreement is intended to and does include in its effect all Claims that Santini does not know or suspect to exist in her favor at the time that she signs this Agreement, except for her rights in connection with her participation in the claims process as a Class Member in the Action.

**TENTH:    Ownership of Claims.**

Santini represents and agrees that she has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims she is releasing in this Agreement.  Santini further represents that she is not aware of any liens or claims that can be made against the settlement payment referenced in Paragraph Fourth and that no lien, whether known or unknown, may affect the validity of this settlement.

**ELEVENTH:         Successors.**

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

**TWELFTH: Entire Agreement.**

Santini and the Company each agree that (a) this Agreement and the Class Action Settlement Agreement and Release Between Plaintiff and Defendant in the Action are the only agreements between them, (b) these agreements embody and include all terms and commitments between them, and (c) no representations, inducements, coercion or promises have been made to any of them except as are

expressly stated above and in the Class Action Settlement Agreement and Release Between Plaintiff and Defendant in the Action. If any part of this Agreement is found to be unenforceable, all remaining provisions or parts thereof shall nevertheless remain valid and enforceable.

**THIRTEENTH:   Severability.**

Should any of the provisions in this Agreement be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid portion or provision shall be deemed not to be a part of this Agreement.

**FOURTEENTH:   Acknowledgment of Understanding.**

Santini understands that she is waiving legal rights by signing this Agreement, and represents that she has had an opportunity to consult with an attorney and/or other persons to the full extent she wanted to do so before signing this Agreement. Santini further represents that she has been given a reasonable period of time to review and consider this Agreement.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF this Agreement shall have as its effective date the date a properly executed agreement containing Santini's signature is received by the Company's counsel, Theresa A. Kading.

Wells Fargo Bank, N.A.            Lindsay Santini

By:_____           By:_____

Dated: _____, 2017       Dated: _____, 2017