| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LINDSAY SANTINI, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, a National Association with its principal place of business in the State of California,<br><br>Defendants. | CASE NO. 16-cv-01992-YGR<br><br>**[~~PROPOSED~~] ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE'S SERVICE PAYMENT AWARD**<br><br>**\*AS MODIFIED BY THE COURT\***<br><br>Complaint filed: April 15, 2016<br>Trial Date: None set |

Plaintiff Lindsay Santini ("Plaintiff" or "Class Representative") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), through their counsel of record, have reached an agreement to settle claims in the putative class action, filed in the United States District Court, Northern District of California and captioned *Santini v. Wells Fargo Bank, a National Association*, Case No. 16-cv-01992-YGR (the "Action"). This matter came before the Court on September 12, 2017, for a hearing on Plaintiff's Motions for: (1) Final Judgment and Order Approving Class Action Settlement; and for (2) Approval of Attorneys' Fees and Costs, and Class Representative's Service Payment Award. Due and adequate notice having been given to Class Members as required by the Court's May 17, 2017 Preliminary Approval Order (Dkt. No. 48), and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Order adopts and incorporates by reference the terms and conditions of the Class Action Settlement Agreement and Release ("Settlement Agreement"), attached hereto as Exhibit 1, together with the definitions used therein.

2. The Settlement Agreement is fully and finally approved.

3. This Court has jurisdiction over the claims of the members of the Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendant, and the members of the Class, as defined in the Settlement Agreement.

4. This Court previously conditionally certified the Class for settlement purposes. The Court hereby grants final certification approval for settlement purposes to the Class, defined as:

> Individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Phone Banker 1's and/or Phone Banker 2's at any time from April 15, 2012, through April 15, 2017.

5. The Court hereby grants final certification approval for settlement purposes to the Opt-In Class which consists of the following individuals: Class Members who cash their settlement checks, consenting to join this Action as a party plaintiff under 29 U.S.C. § 216(b) and

1

expressly releasing in writing any and all claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* that are or could be based on or related to the same matters alleged in the Complaint and/or First Amended Complaint. The members of the Opt-In Class are also Members of the Class.

6. Notice of Settlement given to the class fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. Accordingly, this Court finds that the notice program described in the Settlement and completed by the Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

7. The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties.

8. All Participating Class Members are bound by this Final Order and Judgment and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement and this Final Order and Judgment. As of the effective date of Settlement, by operation of the entry of this Final Judgment and Order, each Participating Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties as outlined below:

> Upon the Settlement Date, and except as to such rights or claims as may be created by this Agreement, each Participating Class Member fully releases and discharges Defendant, its present, former, and future parents, subsidiaries, affiliates, predecessors, successors and

assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, and attorneys (collectively hereafter, the "**Released Parties**") from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, from April 15, 2012, through April 15, 2017, that were or could have been alleged based on the claims, facts and/or allegations contained in Plaintiff's Complaint and/or First Amended Complaint (hereinafter, the "**Released Claims**"), including those arising out of or related to all claims based on failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to provide rest periods, failure to pay meal period and/or rest period premium compensation, waiting time penalties for failure to pay all wages due upon termination of employment, failure to provide accurate wage statements, and violation of California Business & Professions Code Section 17200 *et seq.* including all claims of any kind for minimum wages, regular wages, overtime wages, premium pay, liquidated damages, statutory penalties, civil penalties, restitution, interest, injunctive relief, punitive damages, other damages, costs, expenses and attorneys' fees arising from the alleged violation of any provision of common law or statutory law which were or could have been raised as part of Plaintiff's claims including but not limited to claims under California Labor Code Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, and 2698, *et seq.*, and all provisions of the California Industrial Welfare Commission Wage Orders that provide the same or similar protection(s). As set forth in the Settlement Agreement, FLSA Participating Class Members will also expressly release in writing any and all claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, that are or could be based on or related to the same matters alleged in the Complaint and/or First Amended Complaint.

9. The Court permanently enjoins, bars, and forever precludes all Participating Class Members from initiating, pursuing, or prosecuting in any forum (or allowing to be initiated, pursued, or prosecuted in their own right or on their own behalf) any of the Released Claims.

10. Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Participating Class Members are bound by this Order.

11. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the settlement is the result of serious, informed, adversarial and arm's-length negotiations between the parties; and that the terms of the settlement are, in all respects, fair, adequate, and reasonable.

12. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

13. The Court hereby finds the Payments to Participating Class Members under the terms of the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and payments to be made and administered in accordance with the terms of the Settlement Agreement.

14. The Court finds that the services provided by the Administrator were for the benefit of the Class, and the cost of $25,000.00 is fair, reasonable, and appropriate for reimbursement. The Court approves payment to Rust Consulting, Inc. for administration fees, which include all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

15. The Court confirms The Markham Law Firm and United Employees Law Group as Class Counsel in this action. The Court finds that Class Counsel have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court, therefore, finds that Plaintiff's counsel satisfy the professional and ethical obligations of Class Counsel.

16. The Court further approves an award of attorneys' fees of $185,149.25. The Court finds that this amount is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding reasonable attorneys' fees.

17. In the course of this litigation, Class Counsel incurred $11,634.00 in costs in the form of court filing fees, mediation fees, deposition transcripts, document copying fees, legal research charges, deposition travel expenses, and delivery charges. The Court approves the reimbursement of Class Counsel's costs in the amount of $11,634.00, pursuant to the terms of the Settlement Agreement.

18. The Court finds that Lindsay Santini is a suitable representative for the Settlement Class and is hereby appointed the Class Representative. The Court finds that Class Representative's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and her interests are aligned with those of the Settlement Class.

19. The Court finds Class Representative's Service Payment Award in the amount of $5,000.00 fair and reasonable compensation based upon the evidence presented regarding the services provided and risks incurred by Plaintiff in assisting Class Counsel.

20. Without affecting the finality of this Final Judgment and Order, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms.

21. In the event the Judgment is overturned, reversed, not affirmed in its entirety, or never becomes final, the Payment Date does not occur, or the Settlement Agreement is nullified

or modified for any reason, Wells Fargo does not waive any and all rights, including its right to oppose class certification. The Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the Settlement Agreement.

22. Whether or not the Settlement is finally approved, neither the Settlement nor any of its terms, nor any order, the Judgment, document, statement, proceeding or conduct related to this Settlement Agreement nor any accounts or reports thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; and/or (b) disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in this Action, or in any other civil, criminal, administrative action or proceeding of any type, except for the purposes of settling this Action pursuant to the terms of the Settlement Agreement, enforcing the Settlement Agreement or Judgment, or enforcing the release of the Released Claims; or (c) used in any other way for any other purpose.

**IT IS SO ORDERED**.

DATED: September 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**